UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MAYRA ANN GONZALEZ,<br>　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>　　　Defendant. | Case No. ED CV 13-1701-DFM<br><br>MEMORANDUM OPINION AND<br>ORDER |

Plaintiff appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence and free of legal error. Therefore, the ALJ's decision is affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for Social Security disability insurance ("SSDI") and Supplemental Security Income ("SSI") benefits, alleging disability beginning April 5, 2010. Administrative Record ("AR") 13. On

March 22, 2012, an administrative hearing was held at which the ALJ received testimony from Plaintiff and a vocational expert ("VE"). Id. At step two of the sequential disability evaluation, the ALJ determined that Plaintiff suffered from several severe physical impairments, but found that her claimed mental impairments were non-severe. AR 15-16. At step three, the ALJ considered and rejected Plaintiff's contention that her impairments met or equaled a listing. AR 16-17. After extensively reviewing the medical record, the ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with several additional limitations. AR 17-23. Based on the VE's testimony, the ALJ concluded that Plaintiff was not capable of performing her past relevant work, but remained capable of performing work available in substantial numbers in the national economy. AR 23-24. On that basis, the ALJ determined that Plaintiff was not entitled to a finding of disability through May 1, 2012, the date of the ALJ's decision. AR 25

## II.
## ISSUE PRESENTED

The parties dispute whether (1) the ALJ properly assigned weight to the opinions of the treating and examining physicians; (2) the ALJ properly discredited Plaintiff's subjective symptom testimony; (3) the ALJ correctly determined that Plaintiff did not meet or equal a listing; (4) the ALJ properly formulated Plaintiff's RFC; (5) the ALJ's decision contains the correct date last insured for Plaintiff's SSDI benefits; and (6) the Appeals Council properly denied Plaintiff's request for review. See Joint Stipulation ("JS") at 2-3.[1]

---

[1] The parties' Disputed Issue No. 4 appears to be a catch-all discussion of Plaintiff's miscellaneous additional contentions. The two specific substantive issues discussed in that portion of the Joint Stipulation will be addressed by the Court in separate sections. The Court has considered the remaining material as additional argument related to the question of whether the ALJ properly

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.
## DISCUSSION

**A.   The ALJ Did Not Err in Assigning Weight to the Opinions of the Treating and Examining Physicians**

Plaintiff contends that the ALJ improperly rejected the medical opinions of treating physicians Drs. Joel Velazquez and Bikramjim Ahluwalia, and

---

determined that Plaintiff did not meet or equal a listing. The Court has also re-ordered the issues for ease of discussion.

consultative examining physician Dr. Richard Gordon.

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. § 416.927(c)[2]; Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d 821, 830 (9th Cir. 1996) (citing Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991)). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Dr. Velasquez has treated Plaintiff as her primary care physician since 2005. AR 315. He provided a functional capacity questionnaire, which the ALJ accurately summarized:

> Dr. Joel Velasquez . . . indicated that the claimant could do the following: sit for 0-2 hours out of an 8-hour workday; stand for 0-2

---

[2] The the Court will cite to the regulatory provisions pertaining to SSI benefits. A parallel and virtually identical set of provisions for SSDI is codified at § 404.900 et seq.

      hours out of an 8-hour workday; never lift and carry any weight; and never finger, grasp, handle, stoop, bend, or crouch. He also indicated that the claimant would have pain, frequently and severe enough to interfere with attention and concentration needed to perform even simple work tasks, and that claimant would likely miss more than four days of work each month.

AR 22 (citation omitted); see AR 315. The ALJ found that Dr. Velasquez's opinion as to Plaintiff's limitations was not entitled to controlling weight. AR 22. This finding is the primary focus of Plaintiff's claim that the ALJ improperly disregarded medical opinions. See JS at 11-12.

      The ALJ provided legitimate reasons, supported by substantial evidence, for refusing to give Dr. Velasquez's opinion controlling weight. The ALJ noted that the opinion was contradicted by the "essentially benign" clinical observations of Dr. Bikramjim Ahluwalia, a rheumatologist who had treated Plaintiff for more than two years at the time of the ALJ's decision. Id.; see AR 333-53. It is the ALJ's province to resolve conflicts in the medical testimony, and the ALJ was entitled to favor the findings of Plaintiff's treating rheumatologist over her primary care physician's check-off-the-box opinion. See Thomas, 278 F.3d at 956-57 (noting the ALJ resolves conflicts in the medical evidence of record); Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (holding that ALJ may reject check-off reports that do not contain an explanation of basis for conclusions); Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for individualized medical opinions over check-off reports).

      The ALJ also noted that there was no evidence for the debilitating pain described in Dr. Velasquez's report. AR 22. Indeed, although Dr. Velasquez's clinical notes reflect tenderness, which is sometimes described as mild or moderate, his objective findings are otherwise generally unremarkable. See AR

5

276-93. Finally, the ALJ noted that the extreme limitations described by Dr. Velasquez were inconsistent with Plaintiff's daily activities. AR 22. The Court concurs. See Section B., infra; Urvina v. Sullivan, 967 F.2d 596 (9th Cir. 1992) (unpublished) ("The ALJ used the testimony about [the claimaint's] daily activities to impeach the medical opinion that [the claimaint] was disabled. This was a proper use of such evidence."). Based on the foregoing, the Court finds that the ALJ offered specific and legitimate reasons for rejecting Dr. Velasquez's assessment.

   Although Plaintiff's contentions are focused on the ALJ's decision to discredit the opinion of Dr. Velasquez, she also appears to take issue with the ALJ's treatment of the medical opinions of Drs. Ahluwalia and Gordon, as they relate to the overhead reaching limitation proposed by Dr. Velasquez. JS at 12. As to the opinion of Dr. Ahluwalia, it is evident from the ALJ's decision that she accorded great weight to Dr. Ahluwalia's medical opinions. See AR 18-22. The two instances of left arm pain and decreased range of motion noted by Dr. Ahluwalia were acknowledged by the ALJ in her detailed review of the medical record and presumably integrated into her RFC assessment. AR 20. Thus, there was no improper discrediting of Dr. Ahluwalia's opinion for Plaintiff to dispute.

   As to the opinion of Dr. Gordon, the ALJ provided specific and legitimate reasons for discrediting the non-exertional limitations in his proposed RFC assessment. AR 20-21; see AR 325. As to the proposed upper-extremity reaching limitations, the ALJ noted that the restrictions were unsupported by the medical record because there was no swelling in her left arm and no abnormal objective findings in her right arm, and her recent left shoulder complaints have been of limited duration. AR 21; see AR 320-21. The absence of objective evidence to support a physician's opinion is a specific and legitimate reason for rejecting that opinion. See 20 C.F.R. § 416.927(c)(2); see

also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (holding that ALJ properly rejected physician's opinion where it was conclusory and unsubstantiated by relevant medical documentation). More generally, the ALJ found that Dr. Gordon's assessment was suspect because it was internally inconsistent; for example, he noted that Plaintiff could stand up to four hours at a time, but could only stand for two hours in an eight-hour workday. AR 21; see AR 324. "The Commissioner may take into account whether a medical opinion is internally inconsistent in determining the weight to accord the evidence." Pipkin v. Astrue, No. 12-01567, 2013 WL 572079 (C.D. Cal. Feb. 13, 2013) (citing 20 C.F.R. § 404.1527(c)(2)). These were legally sufficient reasons for discrediting Dr. Gordon's testimony.

### B.     The ALJ Did Not Err in Discrediting Plaintiff's Subjective Symptom Complaints

Plaintiff contends that the ALJ erred by failing to properly credit her subjective symptom testimony. See JS at 21-22.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2008) (citing Lingenfelter, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain and other subjective symptoms are reasonably consistent with the objective medical

evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. § 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester, 81 F.3d at 834). The ALJ may consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

Plaintiff's subjective reports include numerous claims of extreme symptoms and limitations. In a disability report, Plaintiff reported that she could not do "any activities" in an average day due to pain, swelling, and fatigue. AR 161. She cannot climb more than four stairs, and she can only lift one or two pounds at most once a day. AR 162. During examination by her attorney at the administrative hearing, Plaintiff testified as to the effect of her impairments that prevented her from working. AR 39. She reported that she suffers from debilitating swelling, and that must spend most of the day with her right leg elevated. Id. She experiences pain in her knees and hip. AR 40. Her medications make her dizzy, cause her to lose focus, and force her to take a mid-day nap every day. AR 41-42. She cannot clean or do dishes, she does not vacuum or mop, she is limited to one or two loads of laundry, and her fiancé

handles the household chores. AR 42-43. Her doctor instructed her to use a cane, without which she can only walk half of a block before stopping. AR 43-44. She can only stand for less than half an hour without taking a break, and if she was to stand that long she would need to rest for the remainder of the day. AR 44.

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted that, despite Plaintiff's claims of debilitating impairments, she was nevertheless able to perform many activities of daily living. AR 22. For instance, Plaintiff reported that she can carry two bags of groceries, clean her bedroom and living room, pick up trash around her apartment, and drive once or twice a day. AR 162. She also apparently remains the primary caretaker of her children. See AR 45-47; Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (finding proper ALJ's reliance on claimant's ability to care for two young children as basis for discounting her subjective testimony). Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

Second, the ALJ noted that Plaintiff gave inconsistent statements. For example, Plaintiff reported that she is able to carry two bags of groceries, but also reported that she cannot lift more than 1-2 pounds. AR 22; see Thomas,

278 F.3d at 959; Verduzco v. Apfel, 188 F.3d 1087, 1090 (holding that the ALJ properly relied upon inconsistent statements about alcohol use to reject the claimant's testimony).

Finally, the ALJ extensively reviewed the medical evidence and reasonably determined that it did not support Plaintiff's alleged symptoms and limitations. AR 22; see AR 17-23. The reports from Dr. Ahluwalia and the medical imaging results show generally mild findings without significant synovitis or deformities. See AR 333-353. Although a lack of objective medical evidence may not be the sole reason for discounting a claimant's credibility, it is nonetheless a legitimate and relevant factor to be considered. See Rollins, 261 F.3d at 857.

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, the Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, as here, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959; Fair, 885 F.2d at 604.

It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting Plaintiff's subjective testimony. Reversal is therefore not warranted on this ground.

**C.    The ALJ Did Not Err by Finding that Plaintiff Did Not Meet or Equal a Listing**

Plaintiff contends that the ALJ erred in concluding that Plaintiff's impairments did not meet or medically equal two listings. JS at 12-13. At the administrative hearing, Plaintiff's counsel argued that she met or equaled

Listings 1.02 (major dysfunction of a joint) and 14.09 (inflammatory arthritis). AR 35.[3] The ALJ ultimately determined that Plaintiff's impairments did not

---

[3] Listing 1.02 reads:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
>
> OR
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, Subt. P, app. 1, Listing 1.02.

Listing 14.09 provides:

> A. Persistent inflammation or persistent deformity of:
>
> 1. One or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively (as defined in 14.00C6); or
>
> 2. One or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively (as defined in 14.00C7).

meet or medically equal either of these listings. AR 16-17.

At step three of the sequential evaluation process, an ALJ considers whether an applicant has an impairment or combination of impairments that meets or medically equals an impairment included in the regulations' listing of disabling impairments. Listed impairments are those that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester,

> Or
>
> B. Inflammation or deformity in one or more major peripheral joints with:
>
> 1. Involvement of two or more organs/body systems with one of the organs/body systems involved at least to a moderate level of severity; and
>
> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
>
> [. . .]
>
> D. Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. pt. 404, Subt. P, app. 1, Listing 14.09.

81 F.3d at 828. Thus, if the claimant's impairment matches or is "equal" to one of the listed impairments, he qualifies for benefits without further inquiry. 20 C.F.R. § 416.920(d); Sullivan v. Zebley, 493 U.S. 521, 525 (1990).

The claimant bears the burden of proving that he has an impairment that meets or equals a listed impairment. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005); Zebley, 493 U.S. at 530 (noting burden of proof rests with claimant to provide and identify medical signs and laboratory findings that support all criteria for Step 3 impairment determination). "To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." Id. (quoting 20 C.F.R. § 404.1526). "A generalized assertion of functional problems is not enough to establish disability at step three." Id. at 1100.

An ALJ "must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). The ALJ need not, however, "state why a claimant failed to satisfy every different section of the listing of impairments." Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (finding that ALJ did not err in failing to state what evidence supported conclusion that, or discuss why, claimant's impairments did not satisfy Listing). An ALJ's decision that a plaintiff did not meet a listing must be upheld if it was supported by "substantial evidence." See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff has not meaningfully attempted to explain how the medical evidence shows that she meets or equals a listing-level impairment. Instead, Plaintiff recounts the most favorable clinical observations and opinions in the

medical record, including several related to temporary conditions such as a sprained ankle, followed by a discussion of certain prefatory remarks referenced in the listings. JS at 16-18. Plaintiff has failed to address the actual text or elements of either disputed listing or describe how the medical evidence of record shows that Plaintiff meets or equals either one. Plaintiff's pleadings are therefore not sufficient to present Plaintiff's claim of error. See Lewis, 236 F.3d at 514 (distinguishing claimant's argument from meritorious claims, where claimant lacked a "theory, plausible or otherwise," for how his impairments equaled a listing).

In any event, as the ALJ determined, Plaintiff has not met her burden of proving that her physical impairments meet or equal the criteria of Listing 1.02 or 14.09. It is evident from the ALJ's discussion of the medical evidence in assessing Plaintiff's RFC, and in the resulting RFC assessment, that the ALJ rejected the portions of the medical record and Plaintiff's subjective symptom testimony purporting to attest to deficits profound enough to support a listing-level impairment. See AR 17-23. For example, the ALJ rejected Plaintiff's testimony that she is unable to ambulate without the assistance of a cane, declining to include an ambulatory limitation in the RFC assessment. Id. Because the Court finds that the ALJ properly discredited Plaintiff's subjective symptom testimony and properly determined the weight to be accorded to the medical opinions in the record, see Sections A. and B., supra, it follows that the ALJ's determination with respect to the absence of a listing-level impairment was correct.[4]

---

[4] Plaintiff's repeated references to her asymptomatic hepatitis C bears no obvious relationship to her claim that her impairments meet or equal a listing. See JS at 17-18. Plaintiff does not claim that she meets Listing 5.05, the listing for chronic liver disease. Plaintiff's hepatitis C, a viral infection of the liver, is plainly not a manifestation of her joint disease.

**D.     The ALJ Did Nor Err in Analyzing Plaintiff's RFC**

Plaintiff contends that the ALJ did not properly incorporate Plaintiff's impairments and subjective reports of limitations into her RFC assessment. JS at 3-7.

As an initial matter, Plaintiff's contentions regarding the ALJ's RFC assessment are largely subsumed by the discussions of the ALJ's credibility determinations in Sections A. and B., supra. Plaintiff's basic contention is that, if the proper weight had been accorded to certain medical opinions in the record and to her subjective symptom complaints, the ALJ would have incorporated additional restrictions into her RFC assessment. JS at 3-7. For example, if the ALJ had credited Plaintiff's testimony that she required a cane for walking, the RFC would have contained additional ambulatory restrictions. JS at 4-5. However, because the Court finds that the ALJ did not err in assessing the medical opinions or Plaintiff's subjective symptom complaints, it necessarily follows that this argument must fail. See Sections A. and B., supra.

To the extent that Plaintiff is arguing that the ALJ was required to identify specific limitations associated with each of Plaintiff's severe and non-severe impairments, this argument also fails. The ALJ need not identify specific limitations for each impairment; rather, the ALJ's task in formulating an RFC is to synthesize the conflicting items of evidence into a set of limitations that take into account the combined effects of Plaintiff's severe and non-severe medically-determinable impairments. 20 C.F.R. § 416.945(a)(2); see Bustos v. Astrue, No. 11-1953, 2012 WL 5289311 (E.D. Cal. Oct. 23, 2012) (noting that the Ninth Circuit has said that "an ALJ may synthesize and translate assessed limitations into an RFC assessment" (citing Stubbs–Danielson v. Astrue, 539 F.3d 1169, 1173–74 (9th Cir.2008)). An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. § 416.927(d)(2). An RFC determination is based on

all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. See 20 C.F.R. § 416.945.

Here, the ALJ determined that Plaintiff's several severe and non-severe impairments, taken together, limited her to sedentary work with several additional limitations. AR 17-21. Although Plaintiff attempts to minimize the ALJ's sedentary work limitation, the record shows that the ALJ gave Plaintiff the benefit of the doubt by limiting her RFC to sedentary work. See AR 22-23. Indeed, the ALJ found that Plaintiff's RFC barred her from her past relevant work. AR 23.

Because the ALJ's RFC determination was supported by substantial evidence, and Plaintiff has not articulated any basis for calling it into question other than the other credibility-related claims rejected by the Court, the ALJ's decision is not subject to reversal on this basis.

E.     **The ALJ Did Not Err in Determining Plaintiff's Date Last Insured**

Plaintiff points to an apparently aberrant reference to an incorrect date last insured (September 30, 2014) in a single document in the record, and contends that it renders the ALJ's date last insured determination invalid. JS at 21; see AR 146. However, Plaintiff has cited no substantive basis for questioning the calculation of the June 30, 2010, date last insured that appears on all of the other relevant documents and in the ALJ's opinion. See AR 13, 149, 167, 177. Nonetheless, even if the ALJ committed error with respect to the date last insured, any error was harmless because the ALJ assessed Plaintiff's disability status through the date of her decision. AR 25; see Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context.").

///
///

## F. The Appeals Council Did Not Err in Denying Plaintiff's Request for Review

Plaintiff contends that the Appeals Council ("AC") erred in denying her request for review, which was accompanied by purportedly new treatment notes from Dr. Ahluwalia. JS at 25-27; see AR 1-4; 355-357. In its denial of Plaintiff's request for review, the AC noted that the additional evidence did not compel a reconsideration of the ALJ's decision:

> In looking at your case, we considered . . . the additional evidence listed on the enclosed Order of Appeals Council.
>
> We considered whether the [ALJ]'s action, findings, or conclusion is contrary to the weight of evidence of record. We found that this information does not provide a basis for changing the [ALJ]'s decision.
>
> We also looked at the medical records from Bikramjit Ahluwalia M.D. for the period from August 17, 2012, to December 6, 2012. The [ALJ] decided your case through May 1, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 1, 2012.

AR 1-2.

Plaintiff contends that the AC committed error in two respects. First, she contends that the treatment notes dated before the ALJ's decision compel a finding that Plaintiff is disabled, and that the AC should have provided specific and legitimate reasons for determining otherwise. JS at 25-26; see AR 355-57. However, the Court's review has revealed that these treatment notes were part of the original record before the ALJ. See AR 339-41. Plaintiff's dispute is therefore with the underlying decision of the ALJ, not a failure by the AC to properly consider new evidence. See Taylor v. Comm'r of Soc. Sec. Admin.,

17

659 F.3d 1228, 1231 (9th Cir. 2011) ("When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner.").

Second, Plaintiff contends that the AC improperly rejected the medical notes dated after the ALJ's decision. JS at 25. Plaintiff makes the implicit claim that those notes "relate to" the period before the ALJ's decision. Id. As the Commissioner notes, Plaintiff has neither provided these notes to the Court nor given any explanation for how these notes "relate to" the period prior to the ALJ's decision. Because the AC need not consider evidence that "does not relate to the period on or before the date of the administrative law judge hearing decision," 20 C.F.R. § 416.1476(b)(1), the Court cannot conclude that it committed error on this basis.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated:  <u>July 7, 2014</u>

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge